IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CARLOS ORTIZ, :
:
      Petitioner, :
:
v. : Civil Action No. 08-487-JJF
:
PERRY PHELPS, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
      Respondents. :

---

Carlos Ortiz. Pro Se Petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

---

**MEMORANDUM OPINION**

October 9, 2009
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Carlos Ortiz ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In August 2002, Petitioner and his wife, Marisol, were living separately. On the night of August 8, 2002, while their three children were staying with Marisol in the mobile home where she was living, Marisol awoke to find Petitioner in the house, pointing a gun in her face and threatening to kill her if she did not come back to him. After arguing, Petitioner said that he wanted Marisol to have sex with him, and he also tried to convince her to perform oral sex on him. Marisol refused, and Petitioner raped her. Ortiz v. State, 841 A.2d 308 (Table), 2004 WL 77860, at *1 (Del. Jan. 15, 2004).

The rape occurred in a bedroom. During the rape, the children were in the living room but they were too frightened to go for help. Marisol eventually was able to run out of the mobile home and go to her brother's house for help. Marisol went to a hospital, where she was examined by a Sexual Assault Nurse Examiner ("SANE"). A police detective questioned the children

1

about the incident while they were at the hospital. Id.

In May 2003, a Delaware Superior Court jury convicted Petitioner on two counts of first degree rape, three counts of endangering the welfare of a child, six counts of possession of a firearm during the commission of a felony, attempted first degree rape, first degree kidnapping, first degree burglary, possession of a firearm by a person prohibited, aggravated menacing, terroristic threatening, and criminal contempt. Id. at *2. The Superior Court sentenced Petitioner to eighty-four years of imprisonment at Level V, suspended after sixty-eight years for declining levels of probation. State v. Ortiz, 2007 WL 901639 (Del. Super. Ct. Mar. 22, 2007). Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences. Ortiz, 2004 WL 77860.

In November 2005, Petitioner filed an application for post-conviction review pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), raising four claims: (1) defense counsel provided ineffective assistance; (2) the trial court erred by failing to determine if the statements by the children were made voluntarily and properly introduced as evidence under Del. Code Ann. tit. 11, § 3507; (3) the trial court improperly commented on the evidence; and (4) the State failed to turn over exculpatory evidence. Ortiz, 2007 WL 901639, at *1. The Delaware Superior Court denied the Rule 61 motion, and the

Delaware Supreme Court affirmed that decision on December 20, 2007. See Ortiz v. State, 2007 WL 4462942 (Del. Dec. 20,2 007).

## II. DISCUSSION

Petitioner filed the instant Petition for federal habeas relief in August 2008, asserting three claims: (1) the trial court violated his due process rights under Crawford v. Washington, 541 U.S. 36 (2004) by permitting the State to introduce his children's out-of-court statements during the trial, because the children were present and able to be cross-examined; (2) the State violated Brady v. Maryland, 373 U.S. 83 (1963), by withholding exculpatory evidence from the defense, namely, a prior inconsistent statement made by his son to an investigator with Delaware Family Services; and (3) defense counsel provided ineffective assistance. Respondents filed an Answer requesting the Court dismiss the Petition as untimely, or alternatively, as failing to warrant habeas relief under § 2254(d)(1). (D.I. 12.) The Court will deny the Petition as time-barred.

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-

year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant Petition is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. Petitioner does not allege, and the Court cannot discern, any facts indicating that the limitations starting date should be determined under § 2244(d)(1)(B) or (D). Moreover, to the extent Petitioner's reliance on Crawford v. Washington, 541 U.S. 36 (2004) and Danforth v. Minnesota, - U.S. -, 128 S.Ct. 1029 (2008) in Claim One is an attempt to trigger the application of § 2244(d)(1)(C) and possibly benefit from a later filing deadline for that Claim, it fails.[1] Although Crawford announced a new

---

[1] The statute of limitations prescribed by 28 U.S.C. § 2244(d)(1) is applied on a claim by claim basis, rather than to the application as a whole. Fielder v. Varner, 379 F.3d 113, 122

4

rule of law governing the reliability of testimonial statements in criminal cases, the United States Supreme Court has explicitly held that Crawford has no retroactive application to cases on **federal** habeas review that were final when Crawford was decided. Whorton v. Bockting, 549 U.S. 406 (2007). And, contrary to Petitioner's assertion, the Whorton rule prohibiting the retroactive application of Crawford in federal habeas cases was not modified by Danforth; rather, Danforth merely explains that States may retroactively apply Crawford in **state** collateral proceedings because State courts are not bound by **federal** retroactivity laws. Thus, in this case, Crawford does not provide an alternative limitations starting date for Claim One; Petitioner's conviction became final on January 15, 2004, approximately two months before the United States Supreme Court decided Crawford on March 8, 2004.[2]

Given the foregoing discussion, the Court concludes that § 2244(d)(1)(A) provides the method for determining the starting

---

(3d Cir. 2004).

[2]Moreover, retroactively applying Crawford to Petitioner's case would actually result in an earlier filing deadline than the deadline imposed under § 2244(d)(1)(A). Crawford was decided on March 8, 2004, and applying the one-year limitations period to that date as required by § 2244(d)(1)(C) would mean that Petitioner had to file his Petition by March 8, 2005. In contrast, under § 2244(d)(1)(A), Petitioner's conviction became final for purposes of habeas review on April 14, 2004, which, as explained in the text of the Opinion, means that Petitioner had to file his Petition by April 14, 2005.

5

date of the limitations period for all three Claims.  The Delaware Supreme Court affirmed Petitioner's convictions and sentences on January 15, 2004, and he did not seek certiorari review.  Consequently, the one-year period of limitations started to run ninety days later, on April 14, 2004, and Petitioner had one-year from that date, or until April 14, 2005, to timely file his Petition.  See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999)(holding that the limitation period under § 2244(d)(1)(A) begins to run upon the expiration of the 90 day period for seeking review in the Supreme Court.); Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).  However, he did not file the Petition until August 4, 2008,[3] more than three years after the expiration of the AEDPA's limitations period.  Therefore, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled.  See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).  The Court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), "a properly filed application for

---

[3] Applying the prison mailbox rule, the Court adopts the envelope's postmark date, August 4, 2008, as the date of filing, not the date of docketing, August 5, 2008.  See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

6

State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of the AEDPA's one-year period. See 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as the rules governing the location and time of filing, the forms used, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Lovasz v. Vaughn, 134 F. 3d 146, 148 (3d Cir. 1998).

Here, Petitioner filed his Rule 61 motion on November 14, 2005, seven months after the expiration of the AEDPA's limitations period. Therefore, the Rule 61 motion has no statutory tolling effect.

### C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded

7

by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999)(internal quotations omitted). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Petitioner does not allege, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing his Petition. Moreover, to the extent Petitioner's untimely filing was due to a mistake in his computation of the AEDPA's limitations period, that mistake does not trigger equitable tolling. See LaCava v. Kyler, 398 F.3d 271, 276 (3d

8

Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the Court will dismiss the Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2(2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural

9

ruling. <u>Id.</u>

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV.   CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 1.)

An appropriate Order will be entered.