IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARLOS ORTIZ, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 08-487-LPS |
| DAVID PIERCE, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | : |
| Respondents. | : |

**MEMORANDUM**

## I. INTRODUCTION

Pending before the Court is Petitioner Carlos Ortiz's ("Petitioner") Motion for Reconsideration Filed Pursuant to Federal Rule of Civil Procedure 60(b)(6) regarding the dismissal of his time-barred Petition. (D.I. 21) For the reasons discussed, the Court will deny the Rule 60(b)(6) Motion.

## II. BACKGROUND

In 2008, Petitioner filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his Delaware state convictions for, *inter alia*, first degree rape, attempted first degree rape, first degree kidnapping, first degree burglary, endangering the welfare of a child, and possession of a firearm during the commission of a felony. (D.I. 1) The Petition asserted the following three grounds for relief: (1) the trial court violated Petitioner's due process rights under *Crawford v. Washington*, 541 U.S. 36 (2004), by permitting the State to introduce his children's out-of-court statements during the trial, because the children were present and able to be cross-examined; (2) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding exculpatory evidence from the defense, namely, a prior inconsistent statement made by his son to an investigator with

Delaware Family Services; and (3) defense counsel provided ineffective assistance. On October 9, 2009, the Honorable Joseph J. Farnan, Jr. denied the Petition after concluding that it was time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244. (D.I. 19; D.I. 20)

Petitioner filed a Rule 60(b)(6) Motion for Reconsideration on February 11, 2014. (D.I. 21) The Motion is ready for review.

## III. LEGAL STANDARDS

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Ass'n., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

Here, Petitioner filed his Motion under Rule 60(b)(6), the "catch-all" provision of Rule 60(b). Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [other than the specific circumstances set out in Rules 60(b)(1)-(5)] that justifies relief" from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(6); *Gonzalez*, 545 U.S. at 529. The Third Circuit has consistently held that Rule 60(b)(6) provides "extraordinary relief" that is only available in "exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002).

Moreover, a Rule 60(b)(6) motion must be filed within a "reasonable time,"[1] which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). As a general matter, a Rule

---

[1] *See* Fed. R. Civ. P. 60(c)(1); *Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959).

2

60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See generally Ackerman v. United States*, 340 U.S. 193, 202 (1950).

## IV. DISCUSSION

In the instant Rule 60(b)(6) Motion, Petitioner asserts that his habeas proceeding should be reopened pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and that the Court should review the merits of the three claims that were denied as time-barred. In *Martinez*, 132 S.Ct. at 1320, the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. Liberally construing the instant Rule 60(b) Motion, the Court interprets Petitioner's argument to be that *Martinez* constitutes an intervening change in the law that amounts to an extraordinary circumstance justifying relief under Rule 60(b)(6).

This argument is unavailing. First, citing Federal Rule of Civil Procedure 60(c)(1), the Third Circuit recently opined that a Rule 60(b)(6) motion for reconsideration based on *Martinez* will fail unless it "was brought within a reasonable time of that decision." *Cox v. Horn*, ___ F.3d ___, 2014 WL 3865836, at *1 (3d Cir. Aug. 7, 2014). The instant Rule 60(b)(6) Motion was filed on February 11, 2014, approximately one year and eleven months after the issuance of the *Martinez* decision on March 20, 2012. Although the Third Circuit did not define what constitutes a reasonable time for filing a Rule 60(b)(6) motion premised on *Martinez*, the Court concludes that waiting almost two full years after *Martinez* to file the instant Motion does not satisfy the "reasonable time" requirement. *See Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that two-year delay was not reasonable time to bring Rule 60(b)(6) motion); *Ackerman*, 340 U.S. at 202. The Court also notes that Petitioner has not presented any reason for his delay. *See Azbuko v. Bunker Hill Cmty. Coll*, 442

3

F. App'x 643, 644 (3d Cir. 2011) (per curiam) ("[B]ecause [plaintiff] has provided no explanation for his delay in filing, we agree with the District Court that he has not filed his motion within a reasonable time of the order that he seeks to challenge."); *Choi v. Kim*, 258 F. App'x 413, 415 (3d Cir. 2007). Thus, the Court concludes that Petitioner's Rule 60(b)(6) Motion is untimely.

Moreover, pursuant to *Cox*, a district court reviewing a prisoner's Rule 60(b)(6) motion "may consider whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago." *Cox*, 2014 WL 3865836, at *10. As explained by the Third Circuit, "[c]onsiderations of repose and finality become stronger the longer a decision has been settled." *Id.* Here, Petitioner's conviction was affirmed in January 2004 and his original Petition was dismissed on October 9, 2009. Considering the significant amount of time that has elapsed between the dismissal of his Petition and the *Martinez* decision, the Court concludes that the rare relief afforded under Rule 60(b)(6) is not warranted.

For all of these reasons, the Court concludes that the instant Rule 60(b)(6) Motion is time-barred.

## V.  CONCLUSION

For the aforementioned reasons, the Court will deny Petitioner's Rule 60(b)(6) Motion for Reconsideration. In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Dated: August 11, 2014

UNITED STATES DISTRICT JUDGE

4